**JePhunneh LAWRENCE, Plaintiff,**

v.

**DISTRICT OF COLUMBIA COURT OF APPEALS, et al., Defendants.**

Civ. A. No. 85–3611.

United States District Court, District of Columbia.

Feb. 28, 1986.

JePhunneh Lawrence, Washington, D.C., pro se.

Candida Staempfli, Asst. Corp. Counsel, Washington, D.C., for District of Columbia Court of Appeals.

George Perry, pro se.

Joan Goldfrank, Executive Atty., Bd. of Professional Responsibility, Washington, D.C., for Board and Henderson.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Plaintiff JePhunneh Lawrence filed this action on November 12, 1985, against the

District of Columbia Court of Appeals, the Board of Professional Responsibility ("Board"), Thomas H. Henderson, Jr., Bar Counsel, and George Perry, a former client who filed a charge of misconduct against plaintiff with the Board. In response to disciplinary proceedings which grew out of Perry's formal charge, plaintiff seeks a declaration that a client cannot compel an attorney to file frivolous law suits in federal court, that plaintiff's refusal to file such a suit did not violate his ethical responsibilities, and that Rule 11 of the Federal Rules of Civil Procedure expressly prohibited him from filing such a suit. For the reasons set forth briefly below, the Court finds that it lacks subject matter jurisdiction and accordingly that this suit must be dismissed.

Plaintiff is an attorney admitted to practice in the District of Columbia. In May 1983, defendant Perry and plaintiff met twice to discuss plaintiff's representation of Perry in an employment discrimination case that Perry wished to bring against the Library of Congress. The parties executed a retainer agreement and plaintiff subsequently drafted a complaint. The two met again on June 9, 1983, at which time, plaintiff contends, he informed Perry that he believed Perry's case was without merit and that he would not represent him. The statute of limitations ran on Perry's cause of action on June 16, 1983; plaintiff never filed the complaint. After Perry filed his charge of misconduct, Bar Counsel instituted formal disciplinary proceedings against plaintiff on October 16, 1984, charging him with neglecting a legal matter entrusted to him, intentionally failing to seek the lawful objectives of his client through reasonably available means, and intentionally failing to carry out a contract of employment. Hearings were held on December 5, 1984 and March 28, 1985 before a Hearing Committee, which issued a report on September 27, 1985, recommending that plaintiff be suspended from practice for seventy-five days. Both Bar Counsel and plaintiff noted exceptions to the report. A briefing schedule was established and oral argument was set for December 4, 1985. Plaintiff filed this action on November 12, 1985.

Plaintiff contends this Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(a); Rule 11 of the Federal Rules of Civil Procedure; and 28 U.S.C. § 1331. None of these statutes nor the rule cited, however, confer federal jurisdiction over this matter.

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff claims that this action involves the interpretation and application of a federal statute, Title VII, and a federal rule of procedure, Rule 11, and thus that it arises under the laws of the United States. It is well established, however, that defenses to a claim do not create federal jurisdiction where none otherwise exists. As the Supreme Court made clear in *Public Service Comm'n of Utah v. Wycoff*, 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952), "[w]here the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction ...." *See also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673–74, 70 S.Ct. 876, 879–80, 94 L.Ed. 1194 (1950) (suits for declaratory relief not within federal jurisdiction "merely because ... artful pleading anticipates a defense based on federal law ..."). Here, the actions threatened are disciplinary sanctions taken by the local bar—actions based on local rather than federal rules and law. To the extent federal rules and law are involved at all in this case, it is by way of defense to the charge that plaintiff violated the District of Columbia's Code of Professional Responsibility. Plaintiff is not bringing a cause of action under Title VII itself, alleging that he has been discriminated against, nor is he seeking sanctions against anyone under Rule 11. Title VII and Rule 11 are relevant to this case only to the extent they provide a federal defense to a state action. As such,

neither confers federal question jurisdiction over this matter. *See Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1178 (5th Cir. 1984) ("mere presence of a federal issue, specifically the anticipation of a federal defense, would not permit invocation of federal question jurisdiction.").

The Court's conclusion that it lacks subject matter jurisdiction over this action is further buttressed by the fact that plaintiff here is challenging on-going state disciplinary proceedings. These proceedings are clearly judicial in nature; the Hearing Committee and the Board "investigate[ ], declare[ ] and enforce[ ] liabilities as they stand on present or past facts and under laws . . . ." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 477, 103 S.Ct. 1303, 1312, 75 L.Ed.2d 206 (1983) (quoting *Prentis v. Atlantic Coast Line,* 211 U.S. 210, 226, 29 S.Ct. 67, 69, 53 L.Ed. 150 (1908)). In *Feldman* the Supreme Court ruled that federal district courts lack jurisdiction over "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." 460 U.S. at 486, 103 S.Ct. at 1317. It follows with even greater force, then, that federal district courts lack jurisdiction over on-going state judicial proceedings where no constitutional challenge is raised at all. *See also Erdmann v. Stevens,* 458 F.2d 1205, 1210 (2d Cir.) (if state court subject to supervisory intervention of federal court at threshold of disciplinary proceedings, state judiciary might suffer blow to its integrity and effectiveness), *cert. denied,* 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972).

There is no dispute but that the District of Columbia has an "extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." *Middlesex Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 434, 102 S.Ct. 2515, 2522, 73 L.Ed.2d 116 (1982). Consistent with this interest, the District of Columbia has the authority to discipline an attorney's conduct, even if the alleged misconduct occurs in another jurisdiction. *See Erdmann v. Stevens,* 458 F.2d at 1213

(Lumbard, J., concurring) (state's responsibility in the matter is primary since a lawyer, to practice anywhere in the United States, must first be admitted to the bar of one of the states). When the District of Columbia Court of Appeals issues a final order in the disciplinary proceeding, plaintiff can seek review in the United States Supreme Court by filing a petition for a writ of certiorari pursuant to 28 U.S.C. § 2101(c). Plaintff, however, may not seek redress in this Court.

For all the foregoing reasons, this case be and hereby is dismissed.